IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE HEIDKE,

      Plaintiffs,

v.                                                             No.

ROSENTHAL MORGAN AND THOMAS, INC., and
EXTRA SPACE MANAGEMENT, INC.,

      Defendants.

## COMPLAINT FOR DAMAGES

1. Plaintiff George Heidke rented a storage unit from Defendant Extra Space Management, Inc.

2. Mr. Heidke paid for the unit in full and then properly terminated his contract after several months.

3. For the past year, Extra Space and its debt collector, Defendant Rosenthal Morgan and Thomas, Inc., have repeatedly and unlawfully hounded Mr. Heidke for additional amounts of money that he does not owe.

4. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the New Mexico Unfair Practices Act, NMSA § 57-12-1 *et seq.* ("UPA"), and for tortious debt collection, breach of the covenant of good faith and fair dealer, and declaratory and injunctive relief.

## Jurisdiction

5. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331, 1337 and 1367.

## Parties

6. Plaintiff George Heidke resides in Albuquerque, New Mexico. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant Rosenthal Morgan and Thomas, Inc. ("RMT"), is a foreign corporation.

8. RMT's principal business is the collection of consumer debts.

9. RMT regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. RMT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. During the time period relevant to this action, RMT was not licensed operate as a collection agency pursuant to New Mexico's Collection Agency Regulatory Act ("CARA"), NMSA § 61-18A-1 *et seq*.

12. RMT was aware of the requirements of the CARA and had previously been licensed. However, it permitted its licensure to lapse.

13. The conduct described herein took place in the regular course of RMT's trade or commerce.

14. Defendant Extra Space Management, Inc. ("Extra Space"), is a foreign corporation.

15. Extra Space manages storage facilities around the country, including in Albuquerque, New Mexico.

16. The conduct described herein took place in the regular course of Extra Space's trade or commerce.

## Facts

17. In early 2020, Mr. Heidke needed a storage unit because he planned to move out of the house where he was living.

18. On January 30, 2020, Mr. Heidke signed a contract with Extra Space for a storage unit at Extra Space's facility on San Mateo Blvd. in Albuquerque.  *See* Exhibit 1 ("the Contract").

19. The Contract took effect on January 30, 2020 "and shall continue on a month-to-month basis until terminated."

20. The monthly rental fee was $81.  There was also an initial fee of $24.

21. The Contract stated that monthly rental periods would begin on the 30th of the month and end on the 29th of the following month.

22. The Contract stated that a customer was entitled to terminate the Contract at any time.  So long as the unit was timely vacated and no cleaning was required, there would be no further charges beginning with the next monthly rental period.

23. Mr. Heidke paid $105 and arranged for automatic payments of subsequent months from his credit card.

24. As it turned out, Mr. Heidke did not need the storage unit, and he never used it.

25. Mr. Heidke paid his monthly fee of $81 on March 1, 2020, and April 1, 2020.

26. On April 2, 2020, Mr. Heidke notified Extra Space that he would be terminating the contract as of April 29, 2020.

27. Extra Space acknowledged the notification and stopped charging Mr. Heidke's credit card.

28. As far as Mr. Heidke knew, his transaction with Extra Space was concluded.

29. Several months later, a manager from Extra Space called Mr. Heidke and indicated that he owed Extra Space money.

30. Mr. Heidke explained that he had terminated the Contract, and the manager stated that she would look into it.

31. Mr. Heidke did not hear anything further from Extra Space.

32. On August 12, 2020, Mr. Heidke was shocked to receive a letter from RMT stating it was collecting $368 owed to Extra Space. *See* Exhibit 2.

33. On September 2, 2020, Mr. Heidke responded to RMT, stating that he "dispute[d] the validity of this debt with every fiber of my being." *See* Exhibit 3.

34. Mr. Heidke explained his position and requested any "justification for this alleged debt."

35. RMT received the September 2, 2020 letter.

36. On September 24, 2020, RMT responded, providing "documentation" in the form of the Contract and a document created by Extra Space claiming that Mr. Heidke owed $243 in rent from April 30, 2020 through July 29, 2020, a $40 late fee, and an $85 "pre-foreclosure fee."

37. Extra Space's claim for additional payment was entirely false.

38. Having provided the documentation, the FDCPA prohibited RMT from continuing to contact Mr. Heidke, due to his dispute of the validity of the debt. 15 U.S.C. §§ 1692c(c), 1692g.

39. RMT continued to contact Mr. Heidke, including a subsequent letter demanding $368 on November 20, 2020.

40. Mr. Heidke is now threatened with ongoing collection harassment and credit injury relating to Defendants' refusal to stop collecting this illegitimate debt.

41. Mr. Heidke was damaged by Defendants' actions, including lost time, out of pocket expenses, and aggravation, inconvenience, humiliation and other emotional distress.

42. Defendants' conduct was willful, malicious, knowing and in conscious or reckless disregard of the rights of Mr. Heidke.

43. Defendants' misconduct is part of a pattern. Extra Space repeatedly has been accused of overcharging customers. RMT has been sued for violating the FDCPA on multiple occasions.

44. A substantial award of punitive damages is justified to deter Defendants' misconduct.

### First Claim for Relief: Violations of the FDCPA

45. By engaging in debt collection without a license and continuing to contact Mr. Heidke after receiving his letter, Defendant RMT violated the FDCPA, including 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692g.

46. Plaintiff is entitled to recover statutory damages and actual damages, costs and reasonable attorney's fees.

### Second Claim for Relief: Violations of the Unfair Practices Act

47. Defendants Extra Space and RMT's conduct constituted unfair or deceptive trade practices and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA § 57-12-2(D) and (E), and its regulations.

48. Defendants willfully engaged in these unlawful trade practices.

49. Plaintiff is entitled to recover actual or statutory damages, trebled, plus costs and reasonable attorney's fees.

50. Plaintiff is entitled to injunctive relief to prevent the irreparable injury that will result from continued collection activities.

### Third Claim for Relief: Tortious Debt Collection

51. Defendants' actions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

52. Plaintiff is entitled to recover actual damages in an amount to be proven at trial, and punitive damages should also be awarded against Defendants.

### Fourth Claim for Relief: Breach of the Covenant of Good Faith and Fair Dealing

53. Every contract comes with an implied covenant of good faith and fair dealing.

54. Defendant Extra Space violated the covenant.

55. Plaintiff is entitled to actual and punitive damages.

### Fifth Claim for Relief: Declaratory Judgment

56. Plaintiff should be awarded declaratory judgment that he does not owe any debt to Extra Space.

### Sixth Claim for Relief: Injunctive Relief

57. Plaintiff should be awarded injunctive relief to prevent the irreparable injury that will result from continued collection activities.

WHEREFORE, Plaintiffs prays that this Honorable Court:

A.  Award actual, statutory, and/or punitive damages as provided above;

B.  Grant injunctive and declaratory relief as provided above;

C.  Award reasonable attorney's fees;

D.  Award costs; and

E.  Grant such other relief as it deems just and proper.


Respectfully submitted,

*/s/Nicholas H. Mattison*
Nicholas H. Mattison
Feferman, Warren & Mattison, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)